The opinion of the Court was delivered by
Harper, J.
“ The husband is by law answerable for all actions, for which his wife stood attached at the time of the coverture, in which case the action must be joint against them both.” Bac. Ab. Tit. Baron & Feme, (L.) So it is said, in Selw. N. P. 296, referring to Draper vs. Fulkes, Yelv. 165, “ husband and wife cannot maintain an action of trover, and suppose the possession in them both ; for the law will transfer the whole interest to the husband : but trover may be maintained against husband and wife, for the gist of the action is the conversion, which is a tort, for which a feme covert may be charged, as well as with trespass.” But certainly, in such a case, the conversion must be the tortious act of the wife ; as if the taking be a trespass: or, perhaps, if finding the chattel, she destroys or disposes of it. If the chattel be in possession of the husband, her bare refusal to deliver it, cannot be considered to be such a conversion, as will subject her to an action. She has no power over it. So, if a slave be in the family, along with husband and wife, the law supposes the possession in the husband alone, and the wife’s refusal,to deliver it itpon demand, cannot be a conversion by her. In the present case, there was certainly no further evidence of conversion than this. The wife was, therefore, improperly joined in the action, and we think the motion for non-suit might have been properly granted.
We think proper, however, to grant the motion in arrest of judgment, for the defect apparent on the face of the declaration.' *523 The declaration alleges the conversion to have been by the defendants to their use, and the authorities seem to be express, that such an allegation is ill. “ If goods come to a feme covert by trover, the action may be brought against the husband and wife, but the conversion must be laid only in the husband, because the wife cannot convert goods to her own use; and the action is brought against both, because both were concerned in the trespass of taking them.” Bac. Ab., ub. supra. The author quotes from Roll. Ab. 348,, “ where it was laid quod ad usum proprium, or ad usum suum converterunt; for this must be intended to the use of both, and not of the husband only.” Mr. Thomas, the editor of Co. Litt. cites the same doctrine from I Salk. 114; And. 245. 3 Thomas’s Coke, 312, n. 2. This is a substantial defect, not cured by the verdict, and the motion in arrest of judgment is, therefore, granted.
JohNsoN and O’Neall, JJ., concurred.

Judgment arrested.